**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

    Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

    Defendant.

Case No. 2:11-cv-12557-VAR-PJK

Hon. Victoria A. Roberts

---

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN
AS TO THE GENERAL ALLEGATIONS AND COUNTS I AND II ONLY**

Pursuant to Fed.R.Civ.P. 8(b)(3), Defendant Blue Cross Blue Shield of Michigan ("Blue Cross") by its attorneys, Bodman PLC, answers the general allegations and Counts I and II in the Plaintiff's complaint by denying each and every allegation except as admitted by the responses below.

Concurrent with this Answer, Blue Cross has filed a motion to dismiss Counts III – IX under Fed.R.Civ.P 12(b)(6).

**ANSWER**

1.    Blue Cross admits only that it served as the administrator of the healthcare plan sponsored by Plaintiff Hi-Lex. Blue Cross denies that it "skimmed" additional undisclosed fees

from Plaintiff. Blue Cross admits that pursuant to its Administrative Service Contract ("ASC") with Plaintiff Hi-Lex, Blue Cross charged certain fees as part of the hospital claim costs included in the amounts billed to Plaintiff. Blue Cross denies any breach of contract and denies any violation of any fiduciary duty under ERISA.

2. Admitted.

3. Admitted.

4. Admitted.

5. Blue Cross admits only to jurisdiction under ERISA.

6. Admitted.

7. Blue Cross incorporates its previous answers and general denial.

8. Blue Cross lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9. Blue Cross admits that Plaintiff operates its employee health plan on a self insured basis and that Plaintiff purchased stop loss insurance from Blue Cross to insure claims whose dollar amount exceed the stop loss threshold.

10. Blue Cross admits only that the ASC together with its amendments, annual Schedule As, and Group Operating Agreement govern the administrative services arrangement between Blue Cross and Plaintiff.

11.     Blue Cross admits only that Blue Cross and Plaintiff Hi-Lex executed an ASC effective May 1, 1991.

12.     Admitted.  In further answer Blue Cross denies that it has any contractual relationship with the Plaintiff health care plan.

13.     Blue Cross admits that the ASC provided for payment to Blue Cross of an administrative fee but denies that the administrative fee was the only compensation payable to Blue Cross under the ASC.

14.     Blue Cross admits only that the 1994 ASC and Schedule As formed the contract with Hi-Lex.

15.     Blue Cross admits only that the 1994 ASC was renewed by the parties through 2002.

16.     Admitted.

17.     Admitted.

18.     Admitted

19.     Admitted.  In further response, the Schedule A also contained a provision which obligated Plaintiff to pay additional charges for provider network access, contingency and subsidies (collectively, the "Access Fees") as part of its hospital claims.

20.     Blue Cross admits only that the 2002 ASC was renewed by the parties through 2011.

21.     Blue Cross admits only that under the 1991 ASC, Hi-Lex was required to prepay certain amounts.

22.     Blue Cross admits only that the initial prepay amounts were set forth in the initial Schedule A under the 1991 ASC.  In further answer, prepay amounts were later adjusted during quarterly settlements.

23.     Blue Cross admits only that the initial prepay amounts were set forth in the initial Schedule A under the 2002 ASC.  In further answer, prepay amounts were later adjusted during quarterly settlements.

24.     Admitted.

25.     Admitted.

26.     Admitted.

28.     Blue Cross admits only that it had control over the account into which Plaintiff Hi-Lex, not Plaintiff healthcare plan, wired funds.

29.     Blue Cross admits only that it administered Plaintiff's healthcare plan in accordance with the ASC as amended.

37.     Blue Cross admits only that it has charged Plaintiff Hi-Lex Access Fees as authorized and agreed under the 1991 and 2002 ASCs since 1994.

39.     Blue Cross admits that the allegations of Paragraph 39 set forth some of the amounts that Plaintiff owes Blue Cross for its services under the 2002 ASC. While Blue Cross

4

admits that the list of financial responsibilities, 1 through 9, are set forth in Article III, Section B of the ASC, Plaintiff has failed to include the additional financial responsibility set forth therein which reads as follows: **The Provider Network Fee, contingency and any cost transfer subsidies or surcharges ordered by the State Insurance Commissioner as authorized pursuant to 1980 P.A. 350 will be reflected in the hospital claims cost contained in Amounts Billed.**

40.     Blue Cross admits that the Schedule A's identify the separate Administrative Charge but denies that the Schedule A's do not identify the Access Fees.

41.     Blue Cross admits only the first sentence of Paragraph 41.  In further response, the Schedule A also contained a provision which obligated Plaintiff Hi-Lex to pay the Access Fees as part of its hospital claims.

42.     Blue Cross admits only that the Schedule A contained a provision which disclosed Plaintiff Hi-Lex's obligation to pay the Access Fees as part of its hospital claims.

43.     Blue Cross admits only that the Schedule A contained a provision which disclosed Plaintiff Hi-Lex's obligation to pay the Access Fees as part of its hospital claims.

44.     Blue Cross admits only that the Schedule A contained a provision which disclosed Plaintiff Hi-Lex's obligation to pay the Access Fees as part of its hospital claims.

50.     Admitted.

51. Blue Cross admits only that it provided quarterly and annual settlements. In further answer, Blue Cross provided annual settlements that included specific amounts of the Access Fees charged to Plaintiff Hi-Lex.

52. Blue Cross admits only that the annual settlements included reporting of the cost of claims charged to Plaintiff Hi-Lex and administrative charges.

58. Blue Cross admits only that it provided Form 5500 information to Plaintiff Hi-Lex but denies that Blue Cross "completed" Form 5500s on Plaintiff's behalf.

59. Blue Cross admits that Form 5500 is required to be filed by certain employers, but denies that Blue Cross is required to file such forms for Plaintiffs.

70. Blue Cross admits only that it produced a publication intended for its sales representatives entitled "Talking Points, Conversations with Customers, ASC Access Fee" in 2006.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because the Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

3. The conduct about which Plaintiffs complain is authorized by the ASC.

4. Plaintiffs obtained the benefit of participation in Blue Cross' provider networks and the savings they provide and are therefore estopped to claim they should not have paid Access Fees.

5. Blue Cross is required by statute and order of the Commissioner of OFIR to charge Plaintiff Hi-Lex for certain subsidies and contingencies.

6. By its course of conduct and execution of the Master Contract and subsequent Schedule A's, Plaintiff Hi-Lex knew or should have known, based on the information available to it, of the Access Fees and therefore voluntarily paid them. As a consequence of having received the payments, Blue Cross relied upon the payments and changed position to its detriment by providing Plaintiffs a substantial benefit: access to Blue Cross's provider network which, in turn, afforded Plaintiffs substantial discounts from the cost of healthcare services for its employees.

7. The amounts of the Access Fees were reasonable and were collected in exchange for a much greater benefit to plaintiffs.

8. The only duties and obligations owed by Blue Cross to Plaintiffs were those imposed by the ASC.

9. By its course of conduct and execution of the ASC and subsequent Schedule A's, Plaintiff Hi-Lex agreed to the payment of provider network access fees, contingency and mandated subsidies ("Access Fees") as part of hospital claim costs. Plaintiffs are precluded from claiming that Blue Cross wrongfully collected ASC access fees during the period of time that Blue Cross provided administrative services to Plaintiffs' self-funded health plan.

10. By Plaintiff Hi-Lex's execution of the ASC and each Schedule A, plaintiffs are precluded from claiming non-disclosure of the fact that Blue Cross was including in the amounts billed to Plaintiff Hi-Lex the Provider Network Fee, contingency, and any cost transfer subsidies or surcharges as a part of hospital charges.

11. Plaintiffs are precluded from claiming non-disclosure of the access fees because Blue Cross specifically disclosed the amount of the access fees in the Value of Blue Report as part of the annual settlement statement that detailed the access fees separately from the fixed Administrative Charge.

12. Plaintiffs are precluded from claiming non-disclosure of the access fees because their agent, who had responsibility for advising plaintiffs about their health care plan, had knowledge of the Access Fees.

13. Plaintiffs' claims are barred, in whole or in part, due to waiver, discharge, release, accord and satisfaction, estoppel and/or laches.

14. Plaintiffs' damages, if any, were caused by persons and/or entities over whom or which Blue Cross had no control or right of control.

15. Plaintiff could have determined the amount of the Access Fees by requesting an audit under the ASC.

16. The Access Fees paid by Plaintiff Hi-Lex were charged in accordance with Blue Cross's standard operating procedures.

17. Plaintiffs' claims are without a legal basis, and are devoid of arguable legal merit, because Plaintiff has no evidence that the Access Fees were not in accordance with Blue Cross's standard operating procedures.

18. Plaintiffs have failed to plead any facts establishing that the Access Fees were not in accordance with Blue Cross's standard operating procedures.

19. Blue Cross fully satisfied all duties and obligations imposed on it under the ASC.

20. Blue Cross reserves the right, if discovered during the course of discovery, to file a notice of nonparty fault identifying any person or entity whose negligence caused or contributed to Plaintiffs' alleged damages.

21. Blue Cross's receipt of the Access Fees was in good faith and under color of the parties' contract.

22. Blue Cross is not an ERISA fiduciary with regard to its collection of the Access Fees.

23. Blue Cross did not breach any alleged fiduciary duty under ERISA.

24. Blue Cross did not breach the ASC with Plaintiff Hi-Lex.

25. Blue Cross did not owe Plaintiffs a duty independent of the ASC.

26. In the event that it is determined that Blue Cross had no contractual right to the Access Fees, Blue Cross is entitled to retain them on a quantum meruit basis so that Blue Cross is compensated for its services and Plaintiffs are not unjustly enriched.

27. Blue Cross reserves the right, pursuant to the Fed. R. Civ. P., to assert additional defenses, including affirmative defenses, identified during discovery.

**REQUESTED RELIEF**

Blue Cross respectfully requests that the Court enter judgment in its favor, dismiss the Complaint with prejudice and grant it all additional relief as the Court deems appropriate.

BODMAN PLC

s/ G. Christopher Bernard_____
G. Christopher Bernard (P57939)
BODMAN PLC
Attorneys for Defendant
201 South Division Street, Suite 400
Ann Arbor, MI  48104
(734) 761-3780

        cbernard@bodmanlaw.com
        Attorneys for Defendant Blue Cross Blue Shield of Michigan

## CERTIFICATE OF SERVICE

      I hereby certify that on July 28, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

        s/ G. Christopher Bernard_____
        G. Christopher Bernard (P57939)
        BODMAN PLC
        Attorneys for Defendant
        201 South Division Street, Suite 400
        Ann Arbor, MI  48104
        (734) 761-3780

Dated:  July 28, 2011        cbernard@bodmanlaw.com