UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BORROUGHS CORPORATION AND
BORROUGHS CORPORATION EMPLOYEE
BENEFIT PLAN,

    PLAINTIFFS,

V.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

    DEFENDANT

and

HI-LEX CONTROLS INCORPORATED, HI-LEX CORPORATION and HI-LEX CORPORATION HEALTH AND WELFARE PLAN,

    Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

    Defendant.

CASE NO. 2:11-CV-12565-VAR-PJK
HON. VICTORIA A. ROBERTS

Case No.: 2:11-cv-12557-VAR-PJK

---

VARNUM LLP
By:    Perrin Rynders (P38221)
        Aaron M. Phelps (P64790)
Attorneys for Plaintiffs
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

BODMAN PLC
By:    Alan N. Harris (P56324)
        G. Christopher Bernard (P57939)
        Matthew R. Rechtien (P71271)
Attorneys for Defendant
201 S. Division St., Suite 400
Ann Arbor, MI 48104
(734) 761-3780

---

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**

# TABLE OF CONTENTS

Index of Authorities ................................................................................................. ii

Introduction ............................................................................................................... 1

Argument .................................................................................................................. 1

    I. Exhibit A Proves Many of the Interrogatory Answers are Wholly Irrelevant to Any of Plaintiffs' Claims ...................................................................................... 1

        a. The irrelevant interrogatories in the first set of discovery requests in the state cases ... 2

    II. Plaintiffs' Request for Sanctions is Completely Unfounded ........................... 4

Conclusion ................................................................................................................ 6

# INDEX OF AUTHORITIES

**Cases**

*Joyner v. Stewart*, 2010 WL 148667, at *2 (E.D.Mich. 2010)(**Exhibit B**) ............................... 5, 8
*Prince v. Stewart*, 2010 WL 2731056, at *2. (N.D.Ill.,2010) (**Exhibit C**) ................................ 5, 8

**Rules**

Fed R. Civ. P. 72(a) ............................................................................................................... 1, 4
Rule 26(b) ................................................................................................................................... 1

INTRODUCTION

On April 9, 2012, Blue Cross timely objected ("the Objection") to the Magistrate Judge's April 2, 2012, Order ("the Order") pursuant to Federal Rule 72(a) as clearly erroneous and contrary to law because it requires Blue Cross to produce all of its answers to interrogatories in the state court cases, without exception and without regard to the subject matter of the interrogatory. Fed R. Civ. P. 72(a). Plaintiffs' responded to Blue Cross's Objection with a diatribe against Blue Cross that attempts to poison the well on future motions Plaintiffs threaten to bring.

As to the matter that is actually before the Court, Blue Cross has attached a representative example of the discovery requests served in the state court cases to demonstrate to the Court its willingness to comply with the Order, but also to show why it should not have to where the answers are wholly irrelevant.[1]  See, Exhibit A.  Exhibit A should also demonstrate to Plaintiffs that there is no mystique surrounding these interrogatories or their answers- Blue Cross simply and very reasonably believes portions of the answers are irrelevant and asks this Court to modify the Order accordingly.  Plaintiffs' frustration stems not from actions taken by Blue Cross but from their own inability to uncover evidence of a grand conspiracy to hide Access Fees.  Such evidence doesn't exist for the simple reason that there was no such conspiracy.

ARGUMENT

I.  **Exhibit A Proves Many of the Interrogatory Answers are Wholly Irrelevant to Any of Plaintiffs' Claims.**

Plaintiffs' two remaining claims, the only claims in relation to which discovery is proper under Rule 26(b), are that Defendant violated ERISA by misappropriating fund assets by charging Plaintiffs Access Fees without properly disclosing the Access Fees to Plaintiffs.  Nevertheless, Plaintiffs argue they should be able to conduct discovery on their state law claims, notwithstanding that this Court has already properly dismissed those claims as pre-empted by ERISA.  Blue Cross

---

[1] Blue Cross proposes producing all of its answers to the interrogatories served in the state court cases in similar fashion to how the attached interrogatories were produced.  All the sets of interrogatories served in the state court cases, except one, were drafted by the same counsel and are substantially similar to the Bay City interrogatories.

1

disagrees that Plaintiffs should be able to conduct such discovery, but whether that's true or not has no bearing on Blue Cross's Objection because the discovery at issue is irrelevant to Plaintiffs' ERISA and their dismissed state claims.

Many of Blue Cross's responses to the interrogatories served in the state court cases are specific to the facts and circumstances of those individual cases and pertain only to the plaintiffs who served them. Therefore they are irrelevant to any claim or defense in this action.[2] A review of the interrogatories in **exhibit A**, which are substantially similar to the requests served in all the state cases, illustrates why this is the case.

The discovery requests in the state cases came in two sets- the first set contain redactions while the second does not. A representative example of each is included in **exhibit A**. The first set asks for specific information related to the respective plaintiffs' accounts, such as the amount of Access Fees they paid and the Blue Cross personnel assigned to the account. For the reasons set out below Blue Cross has in large part redacted those responses as clearly irrelevant. The second set inquires about Blue Cross's affirmative defenses so naturally the answers are specific to the facts and circumstances in those respective cases. However, Blue Cross **has not redacted** its answers to these interrogatories since most of the affirmative defenses it asserted in the state cases are applicable to this action and it could therefore plausibly be argued that they contain information reasonably calculated to lead to the discovery of relevant information.

### a. The irrelevant interrogatories in the first set of discovery requests in the state cases

**Interrogatory 6** in the first set of discovery requests asks for the yearly amount of Access Fess paid by the City of Bay City ("Bay City"). Those amounts have no bearing on the claims or

---

[2] None of the interrogatories in Exhibit A have been redacted. The redacted portions are either requests to produce or requests to admit that were not subject to the Order. Certain requests to admit were followed by an interrogatory that could not be understood or put into context without reading the request to admit first. In such cases, Blue Cross did not redact the request to admit.

defenses in this action. There is no dispute that Plaintiffs paid Access Fees, the years in which such fees were paid, or the amount of the fees paid. Even if there were, what a different plaintiff happened to pay in Access Fees during certain years has no tendency to make any fact that is of consequence in this action more probable or less probable than it would be without that evidence. What any other entity **not** involved in this litigation, including the various state court plaintiffs, paid in Access Fees is simply irrelevant to this action and should not be discoverable.

Similarly, **Interrogatory 7** asks for the "names" and "addresses" of the current Blue Cross account manager and underwriter for Bay City. Plaintiffs would be hard pressed to explain how the identity and addresses of the individuals who served in those capacities for Bay City in 2010, when these requests were served on Blue Cross, or at anytime for that matter, has any relevance whatsoever to Plaintiffs' ERISA claims of misappropriation of funds and failure to disclose Access Fees or their dismissed state claims. Forcing Blue Cross to produce such information goes far beyond the proper scope of discovery.

The obvious irrelevance of these requests continues with **Interrogatory 11** that asks whether Blue Cross is currently charging Bay City certain fees, including Access Fees. Any fee arrangement Blue Cross and Bay City had in place at this time, including those not related to Access Fees, again, has no bearing on Plaintiff's claims and cannot reasonably be calculated to lead to any information that does. It certainly is **not** the type of interrogatory response that is "likely to contain highly relevant admissions" as Plaintiffs' assert.

As to Plaintiffs' state claims, they specifically argue the interrogatory answers are relevant to their claim of breach of contract. Even assuming it would be proper for Plaintiffs to conduct discovery on a dismissed claim, which it is not, that does nothing to make the answers relevant. No reasonable reading of the interrogatories outlined above which ask for; the amount of Access Fees paid by Bay City; the Blue Cross personal assigned to the Bay City account; and the fee arrangement Bay City had with Blue Cross in 2010, could lead one to conclude they are relevant to whether Blue

Cross breached **the contract applicable to this case entered into by these parties and only these parties**. Just as such information has absolutely no relevance to Plaintiffs' ERISA claims.

### II. Plaintiffs' Request for Sanctions is Completely Unfounded.

Under FRCP 72(a) a party has the right to, "serve and file objections to" a magistrate judge's order "within 14 days after being served with a copy" of same. Fed R. Civ. P. 72(a). The purpose of objecting is to ask the district judge to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Blue Cross timely exercised this right by filing the Objection seven days after the Order was entered.

The Order required Blue Cross to produce all of its interrogatory answers in the state court cases without exception or regard to the subject matter of the interrogatory. Believing this ruling to be clearly erroneous and contrary to law at least as it pertains to those interrogatory answers that clearly have nothing whatsoever to do with Plaintiffs' claims, Blue Cross timely objected. In response, Plaintiffs ask the Court to impose sanctions on Blue Cross even before the Court has had a chance to review the underlying Order. Plaintiffs claim sanctions are appropriate because the Order is still in effect pursuant to Local Rule 72.2 and therefore Blue Cross was required to produce the interrogatory responses by April 9, 2012. However, producing the interrogatory answers prior to submitting the objections would have nullified Blue Cross's right to have the objections considered by the Court and rendered the Court's judgment on the matter moot as the requested discovery would have already been produced. In these circumstances strict compliance with Local Rule 72.2 would have abrogated Blue Cross's right to object to the Order under Federal Rule 72.

In addition, Blue Cross has demonstrated its willingness to comply with the Order by attaching **exhibit A** hereto, which is substantially similar to the interrogatories served in the other state court cases. Courts in this district, and others, have denied an imposition of sanctions for failure to comply with a discovery order where it is clear that the party against whom sanctions are sought demonstrates a willingness to cooperate with the production of the material at issue. *Joyner v.*

*Stewart*, 2010 WL 148667, at *2 (E.D.Mich. 2010)(**Exhibit B**). Imposition of Rule 37 sanctions is also inappropriate where, "[d]efendants have participated in discovery and have not shown a repeated and willful disregard of the litigation or the discovery process." *Prince v. Stewart*, 2010 WL 2731056, at *2. (N.D.Ill.,2010)(**Exhibit C**).

Blue Cross has not only demonstrated a willingness to cooperate, it has in large part already complied. The second set of interrogatories served in the Bay City matter attached hereto are un-redacted and are now in Plaintiffs' possession. The only interrogatory answers that have not been produced are those outlined above that Blue Cross maintains are irrelevant. Should the Court disagree, Blue Cross is ready to promptly comply with whatever order it issues. Additionally, as Plaintiffs well know, Blue Cross has actively participated in the discovery process from the beginning and continues to do so. Under these circumstances, sanctions are inappropriate.

Finally, Plaintiffs delve into matters not currently before the Court as they once again seek to poison the well with baseless accusations about Blue Cross's conduct regarding discovery generally. Plaintiffs first digress into a discussion regarding documents they claim Blue Cross is required to return to Plaintiffs under the protective order because they were "inadvertently produced." This matter will be before the Court in due course at which time Blue Cross will point out the blatant holes in Plaintiffs' story and why the documents are rightfully in Blue Cross's possession.

Plaintiffs' next accuse Blue Cross of being dilatory in its production of emails, which is particularly ironic considering how much trouble Blue Cross has had getting Plaintiffs to produce relevant emails. The reality is that Blue Cross has cooperated with Plaintiffs and worked diligently to search for and produce all relevant materials, including emails. Blue Cross has only resisted Plaintiffs' more recent requests to conduct additional electronic searches that are overly broad and unduly burdensome. Plaintiffs are frustrated the searches already undertaken by Blue Cross have not produced the information they had hoped for and seek to foist that frustration on Blue Cross by demanding it conduct ever-expanding searches of Plaintiffs' choosing but at Blue Cross's expense. But that discussion should be had only after the issue is properly before the Court.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court modify or set aside that part of the order that obligates Defendant to produce interrogatory answers.

Respectfully submitted,

BODMAN PLC


By:    s/Joseph T. Muzingo
       Alan N. Harris (P56324)
       G. Christopher Bernard (P57939)
       Matthew R. Rechtien (P71271)
       Joseph T. Muzingo (P66485)
       201 S. Division St., Suite 400
       Ann Arbor, Michigan 48104
       jmuzingo@bodmanlaw.com
       (313) 259-7777

Date: April 25, 2012        Attorneys for Defendants

Detroit_1181534_1

## CERTIFICATE OF SERVICE

  I hereby certify that on April 25, 2012 I electronically filed Blue Cross Blue Shield of Michigan's Reply To Plaintiff's Response To Defendant's Objection To Magistrate Judge's Order with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                s/ Joseph T. Muzingo
                Joseph T. Muzingo (P66485)
                BODMAN PLC
                Attorneys for Defendant
                6th Floor at Ford Field
                1901 St. Antoine Street
                Detroit, MI  48226
                (313) 259-7777
                jmuzingo@bodmanlaw.com

Dated:  April 25, 2012