UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BORROUGHS CORPORATION AND BORROUGHS CORPORATION EMPLOYEE BENEFIT PLAN,<br><br>　　　Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>　　　Defendant<br><br>and<br><br>HI-LEX CONTROLS INCORPORATED, HI-LEX CORPORATION and HI-LEX CORPORATION HEALTH AND WELFARE PLAN,<br><br>　　　Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>　　　Defendant. | Case No. 2:11-cv-12565-VAR-PJK<br><br>Hon. Victoria A. Roberts<br><br>Magistrate Judge Paul J. Komives<br><br><br><br><br><br><br><br>Case No. 2:11-cv-12557-VAR-PJK<br><br>Hon. Victoria A. Roberts<br><br>Magistrate Judge Paul J. Komives |

---

| | |
|---|---|
| VARNUM LLP<br>By:　Perrin Rynders (P38221)<br>　　　Aaron M. Phelps (P64790)<br>Attorneys for Plaintiffs<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI  49501-0352<br>(616) 336-6000 | BODMAN PLC<br>By:　Thomas Van Dusen (P30602)<br>　　　G. Christopher Bernard (P57939)<br>　　　Rebecca D'Arcy O'Reilly (P70645)<br>Attorneys for Defendant<br>201 S. Division St., Suite 400<br>Ann Arbor, MI  48104<br>(734) 761-3780 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

**I.      Plaintiffs' argument that there is no substantial ground for difference of opinion on the proposed questions incorrectly assumes that the Court ruled that Blue Cross was not authorized to collect the Disputed Fees under the ASC.**

Plaintiffs argue that there is no substantial ground for a difference of opinion on Blue Cross's fiduciary status or liability under ERISA § 406(b) because the Court ruled that cases addressing service provider compensation agreements are inapplicable.  Plaintiffs argue that cases such as *Seaway Food Town, Inc. v. Med. Mut. Of Ohio*, 347 F.3d 610 (6th Cir. 2003) and *McLemore v. Regions Bank*, ---F.3d---, (Nos. 10-5480/5491, 2012 WL 2052950 (6th Cir., June 8, 2012) do not apply because "no contract 'identified' the Disputed Fees that would be kept by Blue Cross."  Dkt#123 at 6.  According to Plaintiffs, the only cases that govern are those like *Guyan*, *Briscoe*, and *Patelco* where the compensation taken was never set forth in any contract.[1] That proposition is not only the subject of a substantial difference of opinion, it is inconsistent with what the Court ruled.  The Court found that the Disputed Fee was, per the terms of the contract, "discretionary" and so its calculation and collection would be subject to ERISA's fiduciary duties.  The Court relied upon the contract to determine that the fee was discretionary and never interpreted the Disputed Fee provisions in the ASC as unenforceable, void, or anything other than valid authorization for Blue Cross to collect those fees, just as the Michigan Court of Appeals held.  The finding that the Disputed Fee was "discretionary" does not mean that there was no contractual agreement to pay the fee.  The cases upon which Plaintiffs rely lack such a contract and therefore do not provide any guidance on the effect of a contractually authorized, but discretionary, fee.  Indeed, the cases Plaintiffs cite provide no guidance on how to identify

---

[1] Plaintiffs are right about one thing and that is that the question of "discretion" is irrelevant if there is no contract about the fee. Dkt#123 at 5–6.  But the question of "discretion" *is* relevant precisely because there *is* an enforceable contract and that is why the Court based its ruling on its finding that the fee calculation was discretionary.  It is the question of discretion about which there are substantial grounds for difference of opinion.

"discretion" in a compensation agreement. There are substantial grounds for difference of opinion on whether the Disputed Fee was "discretionary" as that term was used in cases like *Briscoe*. The only discretion that Plaintiffs have been able to identify was exercised in the development of a system-wide pricing arrangement and customer fee allocation methodology. These are business decisions not subject to ERISA fiduciary duties. The Sixth Circuit has ruled that discretion exercised in making or implementing a business decision does not subject those purely corporate activities to ERISA fiduciary duties. *See Hunter v. Caliber Systems*, 220 F.3d 702, 719 (6th Cir. 2000) (holding that contract provision granting employer discretion to "reasonably determine" asset format to fund a plan did not transform the business decision about asset transfers into a decision subject to ERISA fiduciary duties); *Sengpiel v. B.F. Goodrich Co.*, 156 F.3d 660, 666 (6th Cir. 1998) (holding that development of a "formulaic method" for determining which retirees to allocate to a new less advantageous healthcare plan was not a fiduciary activity even if discretionary). The fact that Blue Cross may have considered or put into place individual arrangements regarding Disputed Fees "for larger groups on an exception basis if there was a good business reason to do so" (see DKT#123 at Exhibit A) does not negate the fact that Disputed Fees and the manner in which they were collected were governed by a general policy applicable to self-funded groups such as Plaintiffs. Any exceptions to the general rule were not specific to Plaintiffs at all, and simply show Blue Cross engaged in corporate decision-making about its overall business model. In doing so, Blue Cross was not acting as a fiduciary on behalf of any ERISA plans.

**II.     Plaintiffs' argument that the proposed statute of limitations question is inconsistent with the Court's ruling incorrectly assumes that the Court ruled the Disputed Fee provisions in the ASC are ambiguous.**

In addition to assuming that the ASC is unenforceable, Plaintiffs assume that the Court also ruled that the ASC is ambiguous: "[The] relevant passages in the ASC and Schedule A's are

by no means unambiguous." DKT#123 at 10. But if the ASC is ambiguous on the question of the Disputed Fee, then how could the Court rule as a matter of law that the ASC granted Blue Cross discretion to calculate the fee? The statute of limitations question proposed by Blue Cross asks the Sixth Circuit to determine whether that very contract provision, which the Court did not find unenforceable or ambiguous, constitutes actual knowledge under ERISA §413(2). *Brown v. Owens Corning Investment Review Committee*, 622 F.3d 564 (6th Cir. 2010), not only compels the conclusion that the ASC constitutes actual knowledge, but expressly rejects the proposition that "subsequent claims reports" and "later fail[ure] to disclose," DKT#123 at 10, can establish fraud or concealment under § 413. *Id*. at 570–71. What is actually known cannot later be concealed.

**III. Plaintiffs' claim that an interlocutory appeal will be inefficient and prolong proceedings not only ignores the disputes to be adjudicated in these two cases, but also completely ignores the eight other related cases for which little or no discovery has been conducted on the specific course-of-dealing issues to be tried.**

Obviously the parties are not in agreement about some critical aspects of the Court's September 7, 2012 Opinion & Order. Through preparation of the joint status report, the Parties have also learned that there are some fundamental differences of opinion about what issues are going to be decided at trial. Despite citing the list of issues in the September 7 Order, Plaintiffs' counsel has expressed the opinion that Plaintiffs can still seek to impose ERISA liability on Blue Cross on all the state laws claims the Court has determined are preempted. That needs to be resolved. The format for trial (bench or jury) still needs to be resolved. The Parties are also not in agreement about damages and equitable defenses. Those issues aside, discovery in these two cases alone will not be complete until issues are resolved with certain third-parties, months of e-mail discovery is concluded, and issues regarding experts are resolved. Even with both Parties endeavoring to quickly and efficiently conclude discovery, that process will realistically take

months.  Because the disclosure and concealment issues that the Court has preserved for trial are largely course-of-dealing based, these cases will have to be separately tried.  To that end, Plaintiffs are completely disregarding the fact that there are eight other related cases before the Court.  The legal issues Blue Cross seeks to have certified are controlling for all cases.  But the factual issues that must be developed through discovery and then tried will be very different from case to case.  The colloquy from the *Pipefitters* case quoted in Plaintiffs' response provides a useful example.  DKT#123 at 11.  The Pipefitters never conceded knowledge that they were being charged the OTG.  To the contrary, they only claimed knowledge that they had disputed the fee and believed it was not being charged in part because of "a tax form" Blue Cross generated for self-funded groups (that should not have received that insurance-only form).  To the extent that we need to look beyond the four corners of the ASC, a customer's knowledge of the Disputed Fees is dependent upon the consultants and lawyers engaged by a group, the sophistication of particular plan fiduciaries, the actual conversations had with Blue Cross field representatives, and similar factors.  Little or no discovery has been conducted on any of these issues in the other eight cases.  Even if an interlocutory appeal is pending in the Sixth Circuit for a year (Plaintiffs suggestion that it will take "years" is simply not consistent with the court's current handling of its docket), these ten cases will easily take at least that long, or longer, to proceed to trial.

Additionally, Plaintiffs request system-wide injunctive relief that would prohibit Blue Cross from serving as an ERISA fiduciary for any plan.  This would terminate Blue Cross's relationship with hundreds of groups whose employee benefit plans are governed by ERISA.  An appeal on the proposed issues, therefore, is critical for resolution of the claims made in the ten cases and requested relief that has the potential to cripple Blue Cross's business.  These are

4

not questions simply of monetary liability to an individual plaintiff, but of the propriety of system-wide business decisions regarding the format and execution of compensation agreements with hundreds of self-funded groups. Clarity on the propriety of those decisions under ERISA is particularly critical given that the Michigan Court of Appeals has recently confirmed the propriety of the challenged contract under state law.

## Conclusion

Interlocutory appeals may, for good reason, be sparingly granted, but Congress clearly thought there were cases for which an interlocutory appeal was so appropriate that the District Court should have a statutory procedure for communicating to the Court of Appeals the need for immediate review of a particular legal issue. 29 U.S.C. §1292(b) was not written into law so it might never be used. We have in this case discrete, dispositive, legal issues which the parties contend are governed by two divergent lines of authority. However decided, the proposed appeal would, without question, facilitate and hasten the resolution of at least ten cases the Court would otherwise have to manage and try. These issues and circumstances are precisely those contemplated by §1292(b). The Court should certify the proposed issues for appeal and stay proceedings.

Dated: October 19, 2012

Respectfully submitted,

s/ Rebecca D'Arcy O'Reilly
Rebecca D'Arcy O'Reilly (P70645)
BODMAN PLC
Attorneys for Defendant
1901 St. Antoine St., 6th Floor Ford Field
Detroit, MI 48226
(313) 259-7777
roreilly@bodmanlaw.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2012 I electronically filed Defendant Blue Cross Blue Shield of Michigan's Reply in Support of Its Motion to Certify Issues for Interlocutory Appeal under 28 U.S.C. § 1292(b) along with this Certificate of Service, with the Clerk of the Court using the ECF System, which will send notification of such filing to all attorneys of record.

s/ Rebecca D'Arcy O'Reilly
Rebecca D'Arcy O'Reilly (P70645)
BODMAN PLC
Attorneys for Defendant
1901 St. Antoine St., 6th Floor Ford Field
Detroit, MI 48226
(313) 259-7777
roreilly@bodmanlaw.com
