UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

        Plaintiffs,        CASE NUMBER: 11-12557
                              HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

        Defendant.

consolidated with

BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

        Plaintiffs,        CASE NUMBER: 11-12565
                              HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE
TO ASSERT COUNTERCLAIMS (Hi-Lex Doc. #126/Borroughs Doc. #132)**

**I.    INTRODUCTION**

     This matter is before the Court on Defendant's Motion for Leave to Assert Counterclaims against Plaintiffs, pursuant to Federal Rules of Civil Procedure 13(e) or 15(a)(2).

The Court **DENIES** Defendant's motion.

## II. BACKGROUND

These cases are two in a series involving Plaintiffs' Administrative Service Contracts ("ASC") with Defendant for claims administration services and network access for their self-funded employee health benefit plans. Under the ASCs, Defendant serves as third-party administrator for Plaintiffs' employee health benefit plans ("Plans"). It processes and pays employee health claims, provides access to its network for covered employees, and negotiates with hospitals and health care providers throughout the state. Plaintiffs reimburse Defendant for claims paid on their behalf.

These cases concern certain fees that Defendant allocated to itself as additional administrative compensation ("Disputed Fees"). In essence, Plaintiffs argue that they did not know about the disputed fees until recently and that Defendant employed different ways to hide them. Defendant says that it did not breach any duties in collecting the disputed fees because they were fully disclosed and Plaintiffs agreed to pay them.

On September 7, 2012, the Court issued an order addressing the parties' cross-motions for summary judgment. (Hi-Lex #112/Borroughs #118). The Court found that Defendant is a fiduciary under ERISA, that the disputed fees were paid from plan funds, and that relief is available to Plaintiffs under ERISA.

The Court granted summary judgment to Plaintiffs on Count II, ERISA prohibited transaction, finding that Defendant committed a *per se* breach of Section 1106(b)(1) when it allocated itself the disputed fees; that claim will proceed to trial on damages. The Court also held that Count 1, ERISA breach of fiduciary duty under Section

1104(a)(1), will proceed to trial because several issues of material fact remain regarding whether Defendant breached its fiduciary duty by lying to or misleading Plaintiffs about the disputed fees.

Defendant now asks the Court for leave to assert counterclaims against Plaintiffs for breach of fiduciary duties under ERISA §§ 404(a), 406(a), and 510(a). Defendant seeks to file a supplemental responsive pleading under Federal Rule of Civil Procedure 13(e) or to file an amended answer under Rule 15(a)(2).

### III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 13(e), the Court may "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13. The standard applicable to amendments under Rule 15 is used to determine whether leave to file a counterclaim under Rule 13(e) should be permitted. *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 689 (E.D. Cal. 2009); see also *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 947 (C.D. Cal. 1996) ("Courts have considered Federal Rule 13 in conjunction with Federal Rule 15, applying factors to consider for leave to amend to counterclaims.").

Rule 15(a)(2) allows a party to amend its pleading with the opposing party's consent or the Court's leave, which the Court should give when justice requires. Fed. R. Civ. P. 15. Whether justice requires the allowance of an amendment to an answer under Rule 15 is at the sound discretion of the Court. *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980); see also *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000). The Court considers any undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies

3

by previous amendment, undue prejudice to the opposing party, and futility of the amendment. *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). An amendment would be futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

**IV.   ANALYSIS**

Defendant claims that Plaintiffs are fiduciaries and responsible for Defendant's alleged violations. Defendant says that its claims against Plaintiffs matured after the Court's September 7, 2012 Order because it established Defendant's standing to bring the counterclaims as an ERISA fiduciary and provided the threshold determination that plan assets were involved. Defendant seeks contribution and indemnification to the extent that Defendant and Plaintiffs share overlapping liability to the Plans and that Plaintiffs may have benefitted as a result of payment of the Disputed Fees.

Plaintiffs argue that the Court should not grant leave for Defendant to file its counterclaims because they would be futile as a matter of law; they say contribution and indemnification are neither allowed under ERISA nor appropriate in these cases.

Whether ERISA allows for contribution and indemnification between co-fiduciaries is crucial to a determination of whether Defendant's counterclaims are futile. If ERISA precludes contribution and indemnification then Defendant's proposed counterclaims would be legally insufficient and therefore futile. *See, e.g., Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005)) ("to survive a motion to dismiss, the 'complaint must contain either direct or inferential allegations respecting all material elements to sustain

4

a recovery under some viable legal theory.'")

Plaintiffs direct the Court to numerous decisions --most of them by district courts in the Sixth Circuit-- which have held that a breaching fiduciary may not seek contribution or indemnification under ERISA. Plaintiffs also further the rationale adopted by *Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989), which held that ERISA cannot be read as providing for an equitable remedy of contribution in favor of a breaching party, because § 1109 only establishes remedies for the benefit of the plan, and that implying a right to contribution is inappropriate where there is no indication that Congress intended to allow it. *Id.*

Defendant says that federal courts have power to develop common law under ERISA, guided by principles of traditional trust law. Defendant directs the Court to decisions from the Second and Seventh Circuits to support its argument that ERISA allows contribution and indemnification. Moreover, Defendant argues that *Cigna Corp. V. Amara*, 131 S. Ct. 1866 (2011), is controlling because it recently clarified that the Court's equitable powers are broader when dealing with breaching fiduciaries as opposed to non-fiduciaries.

ERISA does not explicitly authorize a right of contribution or indemnification among fiduciaries, and there is no controlling precedent on the issue. But, the Court is persuaded by the reasoning in *Fujikawa* and by the majority of decisions within the Sixth Circuit and other jurisdictions, which hold that contribution and indemnification are not allowed under ERISA. *See Travelers Cas. and Sur. Co. of Am. v. IADA Servs., Inc.,* 497 F.3d 862 (8th Cir. 2007)*; Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989); *Fedex Corp. v. N. Trust Co.*, 08-2827-STA-DKV, 2010 WL 2836345 (W.D. Tenn. July 16, 2010)*;*

5

*Ruggieri v. Quaglia*, CIV. A. 07-CV-756, 2008 WL 5412058 (E.D. Pa. Dec. 24, 2008)*;* *Gilbert v. Nat'l Employee Benefit Companies, Inc.*, 466 F. Supp. 2d 928, 930 (N.D. Ohio 2006); *May v. Nat'l Bank of Commerce*, 390 F. Supp. 2d 674 (W.D. Tenn. 2004)*;* *Roberts v. Taussig*, 39 F. Supp. 2d 1010 (N.D. Ohio 1999)*; Schloegel v. Boswell*, 766 F. Supp. 563 (S.D. Miss. 1991). Indeed, the purpose of ERISA--to protect the interests of the Plans' participants--would not be served nor would the Plans benefit if a counterclaim to include Plaintiffs as counter-defendants for the same breach of fiduciary duty claim which Plaintiffs seek to enforce was allowed. *See Toledo Blade Newspaper Unions-Blade Pension Plan v. Inv. Performance Services, LLC*, 448 F. Supp. 2d 871, 875 (N.D. Ohio 2006).

Furthermore, the Court does not believe that *Amara* is controlling. A close examination of a quote in Defendant's brief reveals that *Amara* does not address a fiduciary's claim for contribution or indemnification under ERISA; it involves a beneficiary's claim against a fiduciary for reformation of plan terms. There, the Supreme Court found the district court could exercise equitable powers. *Amara*, 131 S. Ct. at 1879.

ERISA and Congress are silent on contribution and indemnification. And, the authority of courts to develop a federal common law of ERISA is limited to situations in which it is necessary "to fill in interstitially or otherwise effectuate [ERISA's] statutory pattern." *Smith v. Wal-Mart Associates Group Health Plan*, 238 F.3d 424 (6th Cir. 2000). When Congress enacts a comprehensive legislative scheme that includes an integrated system of enforcement, "[t]he presumption that a remedy was deliberately omitted from a statute is strongest." *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77,

90–91 (1981). The Court believes this presumption is true of ERISA and precludes a determination that ERISA allows for contribution and indemnification. *See Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 899 (N.D. Ohio 2003) ("Congress's silence on the question of contribution and indemnification, in the context of such an expansive and intricately drafted statute like ERISA, indicates an intent to preclude those remedies.").

Accordingly, Defendant's proposed counterclaims would be legally insufficient and futile. The Court need not address Plaintiffs' other arguments for futility.

## V. CONCLUSION

Defendant's motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 22, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 22, 2013.

S/Linda Vertriest
Deputy Clerk

7