UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

        Plaintiffs,           CASE NUMBER: 11-12557
                                       HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

        Defendant.

consolidated with

BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

        Plaintiffs,           CASE NUMBER: 11-12565
                                       HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

        Defendant.
_____/

## ORDER

On January 22, 2013, the Court held a telephone conference on several pending motions. Attending were Aaron Phelps and Stephen MacGuidwin representing the Plaintiffs; G. Christopher Bernard and Matthew Rechtien representing the Defendant; James Wilson representing non-party Mercer Health & Benefits, LLC; and Justin Bratt representing non-party Campbell Group Financial Services, LLC.

1

Based on the discussion held, the Court:

(1) **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Enforce Agreement on Record, (Borroughs #152). This is an agreement for production between Defendant and non-party Campbell Group Financial Services, LLC. There is no ambiguity regarding the scope of the agreement; non-party Campbell is ordered to comply with it with respect to the level of production. But, Federal Rule of Civil Procedure 45(c) directs the Court to prevent the imposition of an undue burden on Campbell as a non-party to this action. Accordingly and recognizing the parties' estimates, the Court orders Campbell to bear thirty percent (30%) of the costs related to compliance with the agreement; Defendant is ordered to bear the remaining seventy percent (70%) of the costs. The parties may modify the scope of production.

(2) **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Leave to Amend Its Witness List, (Hi-lex #140; Borroughs #146). Defendant's motion is granted as to Donald Watza. Plaintiffs will not be harmed by allowing Mr. Watza to be added to the witness list; discovery is still ongoing and Plaintiffs will have the opportunity to depose him. Plaintiffs' opposition based on Mr. Watza's allegedly contradictory statements bears upon the weight of his testimony, not its relevance and admissibility. Moreover, the Court believes that Plaintiffs' argument for exclusion based on principal-agent law and bad faith is premature; Defendant's bad faith has not been established.

Defendant's motion is denied as to Marilyn Smith. She is precluded from testifying for the same reasons detailed in the Court's Order Granting Plaintiff's Motion to Strike Expert Witness, (Hi-lex #139; Borroughs #145). Like Mr. Bauerlein's report, the Court's reasoning for precluding Ms. Smith's testimony applies for a measure of relief

based on any benefit allegedly received and for an affirmative defense under ERISA.

(3) **DENIES WITHOUT PREJUDICE** Defendant's Motion for Order Compelling Forensic Exam, (Hi-lex #127; Borroughs #133). This motion relates to a production dispute between Defendant and non-party Mercer Health & Benefits, LLC, for which an order was entered on May 7, 2012, (Hi-lex #75; Borroughs #80). For the reasons stated during the telephone conference, the Court recognizes that the computer subject to this motion contains very sensitive data and that Defendant is concerned about past discrepancies in production. Accordingly, the Court orders counsel for Mercer, James Wilson, and David Mamuscia to submit individual affidavits --before Mr. Mamuscia's deposition-- outlining their efforts to comply with Defendant's requests for production pursuant to the May 7, 2012 order. Defendant's counsel may address any discrepancies in production during Mr. Mamuscia's deposition, and renew its motion if this issue remains.

(4) **DISMISSES AS MOOT** Non-party Mercer's Objections to Defendant's Notice of Presentment of Order Pursuant to L.R. 58.1(c), (Hi-lex #137; Borroughs #143). This objection relates to Defendant's proposed order regarding its Motion for Order Compelling Forensic Exam, which the Court has denied. Accordingly, non-party Mercer's objection is moot.

**IT IS ORDERED.**

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 25, 2013

3

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 25, 2013.

S/Linda Vertriest
Deputy Clerk

4