UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

          Plaintiffs,        CASE NUMBER: 11-12557
                                          HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

          Defendant.

consolidated with

BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

          Plaintiffs,        CASE NUMBER: 11-12565
                                          HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

          Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
NON-PARTY MERCER HEALTH & BENEFITS, LLC AND MARCH
AND MCLENNAN COMPANIES, INC. MOTION FOR PROTECTIVE
ORDER AND TO QUASH SUBPOENAS (Hi-Lex #141; Borroughs#147)**

    The Court considered the above-entitled motion.  The motion is **GRANTED IN PART** and **DENIED IN PART**.

    1.  Mercer argues that Blue Cross Blue Shield had an obligation to reissue

subpoenas by June 9, 2012, if it concluded that Mercer had not fully complied with the first subpoena dispute agreement placed on the record before Magistrate Judge Komives on April 12, 2012. The Court disagrees. The record reflects that Mercer had until May 25, 2012 to produce agreed upon documents and Blue Cross Blue Shield had until June 9, 2012, to let Mercer know if additional subpoenas would be necessary. Apparently, Blue Cross Blue Shield did not do that, and this Court stayed discovery from June 19, 2012 until October 23, 2012. During this time no discovery could occur. Blue Cross Blue Shield did issue the subpoenas now in dispute--on November 8, 2012--two weeks after the discovery stay was lifted. Under the circumstances, the Court does not believe the subpoena was time barred. Between May 25, 2012 and June 4, 2012, however, Blue Cross Blue Shield did take steps to compel the forensic examination of Mr. Mamuscia's laptop.

2. Under the agreement placed on the record on April 12, 2012, counsel for Mercer was obligated to accept Blue Cross Blue Shield's second subpoena and respond expeditiously. This motion to quash followed, on December 10, 2012.

3. As a non-party, Mercer is deserving of the protections of both Federal Rules of Civil Procedure 26 and 45(c). Mercer outlines some of the many ways that it finds Blue Cross Blue Shield second subpoena objectionable.

In an effort to narrow this dispute, the Court orders counsel for the parties to appear in chambers at a time arranged by them, to narrow and hopefully resolve the issue in dispute. They must bring telephones, laptops and access to documents in dispute. The court does not have wireless access, counsel should bring an aircard or Mi/Fi to access the internet.

4. In preparation for this meeting, the Court requires Blue Cross Blue Shield to do the following:

    a. Determine if it has made duplicative requests of Mercer, and whether documents requested from Mercer can be or have been obtained from parties.

    b. Determine whether the scope of certain requests can be narrowed. For example, Blue Cross Blue Shield requests documents from 1994 forward, a 20-year period. If Blue Cross Blue Shield continues to want these documents, it must be prepared to pay for their production.

    c. Blue Cross Blue Shield must provide this information to Mercer by **February 8, 2013**.

5. Once it receives this information from Blue Cross Blue Shield, Mercer is required to do the following:

    a. Make a determination of the cost of responding to all of Blue Cross Blue Shield's requests and provide this estimate to Blue Cross Blue Shield.

    b. Prepare a privilege log for any documents Blue Cross Blue Shield requests which Mercer believes are privileged.

    c. Identify specific documents that it believes are confidential and contain trade secrets and/or proprietary business, financial and/or scientific information.

    d. Specifically identify documents that it believes are already in the

        possession of at least one party.

    e. Specifically state why it believes certain requested documents are not relevant. Particularly, Mercer must explain why it believes documents "containing communications related to, concerning or referencing the disputed fees" are not relevant.

    f. Identify specific documents it believes are duplicative of documents already in Blue Cross Blue Shield's possession.

7. Once the parties have exchanged their writings, they must have the face-to-face meeting in chambers, described above.

8. The Court will be available during counsel's meeting in chambers to enter any appropriate orders.

9. The telephone conference set for Friday, February 1, 2013 at 9:30 am is cancelled.

**IT IS ORDERED**.

                                      /s/ Victoria A. Roberts
                                      Victoria A. Roberts
                                      United States District Judge

Dated: January 31, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2013.

s/Linda Vertriest
Deputy Clerk

---

4