UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

Plaintiffs,

CASE NUMBER: 11-12557
HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

Defendant.

consolidated with

BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

Plaintiffs,

CASE NUMBER: 11-12565
HONORABLE VICTORIA A. ROBERTS

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

Defendant.
_______________________________________/

**ORDER ADOPTING MAGISTRATE JUDGE'S ORDER (Hi-lex 166/Borroughs 178)**

This matter is before the Court on Defendant's objections to Magistrate Judge Komives's February 14, 2013 order, which directed Defendant to produce certain spreadsheets containing claims data. He held oral argument; the order addresses briefs filed after the Magistrate Judge's May 30, 2012 discovery order.

Defendant objects because: (1) the identities of the healthcare

providers--including taxpayer identification numbers--in the spreadsheets are not relevant to Plaintiffs' claims or defenses; (2) Plaintiffs have no right to this information; and (3) provider identities are very sensitive. Plaintiffs say that these identities are relevant to determine whether Defendant took Disputed Fees--the crux of this lawsuit--from claims originating from facilities or providers other than those identified by Defendant. Plaintiffs say this information is discoverable; they say also that the information would remain protected as confidential under the Stipulated Protective Order. Plaintiffs ask the Court to impose sanctions on Defendant.

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must assess whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir .2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); see *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir.1992). If two permissible views of the evidence exist, a magistrate judge's decision cannot be "clearly erroneous." *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985).

Magistrate Judge Komives considered the parties' arguments; he determined that the information that Plaintiffs sought was relevant and discoverable. This Court does not have a definite and firm conviction that Magistrate Judge Komives committed a mistake; his order is not clearly erroneous or contrary to law.

The Court **ADOPTS** Magistrate Judge Komives's Order; Defendant must comply

with it. Nonetheless, Plaintiffs must abide by their representation to keep information confidential pursuant to the protective order. Plaintiffs' request for sanctions is denied.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 22, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 22, 2013.

S/Linda Vertriest
Deputy Clerk