UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,
                Plaintiffs,                Case No: 11-12557

v.

                                      Hon. Victoria A. Roberts

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (DOC. 186)**

**I.    INTRODUCTION**

      This matter is before the Court on Defendant's second Motion for Summary Judgment. Defendant moves for summary judgement under Federal Rule of Civil Procedure 56; it says that Plaintiffs' claims are time-barred.

      The Court finds that there are numerous issues of fact regarding: (1) the applicability of the appropriate statute of limitations under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*; (2) Defendant's alleged concealment; (3) Plaintiffs' actual knowledge; and (4) Plaintiffs' due diligence in uncovering Defendant's alleged violations. Defendant's motion is **DENIED**.

**II.    BACKGROUND**

      Plaintiffs filed this action on June 13, 2011. It is one in a series involving Administrative Service Contracts ("ASC") with Defendant for claims administration

services and network access for self-funded employee health benefit plans. Under the ASCs, Defendant serves as third-party administrator for Plaintiffs' employee health benefit plans. It processes and pays employee health claims, provides access to its network for covered employees, and negotiates with hospitals and health care providers throughout the state. Plaintiffs reimburse Defendant for claims paid on their behalf.

This case concerns certain fees that Defendant allocated to itself as additional administrative compensation ("Disputed Fees"). In essence, Plaintiffs argue that they did not know about the Disputed Fees until recently, and that Defendant employed different ways to hide them. Defendant says that it did not breach any duties in collecting the disputed fees because they were fully disclosed and Plaintiffs agreed to pay them.

On September 7, 2012, the Court issued an order addressing the parties' cross-motions for summary judgment. (Doc. 112). The Court found that Defendant is a fiduciary under ERISA, that the Disputed Fees were paid from plan funds, and that relief is available to Plaintiffs under ERISA.

The Court granted summary judgment to Plaintiffs on Count II, ERISA prohibited transaction, finding that Defendant committed a *per se* breach of Section 1106(b)(1) when it allocated itself the Disputed Fees, and that such claim would proceed to trial on damages. It also held that Count 1, ERISA breach of fiduciary duty under Section 1104(a)(1), would proceed to trial because several issues of material fact remained regarding whether Defendant breached its fiduciary duty by lying to or misleading Plaintiffs about Disputed Fees.

The Court also found genuine issues of fact related to Defendant's statute of

limitations defense. It recognized that resolution of the statute of limitations is necessary to determine the extent of Defendant's liability under Count II, and the extent of its liability, if any, under Count I.

Following that Order, the parties conducted extensive discovery and continue to do so. Based on discovery conducted, Defendant moves again for summary judgment on both counts, saying that Plaintiffs' claims are untimely.

### III. STANDARD OF REVIEW

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id.*

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion." *Id.* at 323. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins*

*v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

IV.   ANALYSIS

"[A]n ERISA plaintiff alleging a breach of fiduciary duty generally has six years to file suit, [but] this period may be shortened to three years when the victim had actual knowledge of the breach or violation." *Brown v. Owens Corning Investment Review Committee*, 622 F.3d 564, 570 (6th Cir. 2010) (construing 29 U.S.C. § 1113) (internal quotations and citations omitted). The ERISA statute of limitations increases to six years "after the date of discovery" of the alleged breach or violation "in the case of fraud or concealment." 29 U.S.C. § 1113. To rely on the fraud or concealment section, as Plaintiffs do here, they must show: "(1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrong-doing and that (2) the plaintiffs were not on actual or constructive notice of that evidence, (3) despite their exercise of diligence." *Brown*, 622 F.3d at 573.

Defendant argues, in essence, that Plaintiffs' claims are time-barred under § 1113 because Plaintiffs: (A) had actual knowledge of the relevant facts underlying its claims since 1994--so that the applicable period of limitations was three years--and (B) that the six-year fraud or concealment limitations period does not apply because Plaintiffs cannot establish that Defendant actively concealed the Disputed Fees, Plaintiffs had actual knowledge of them before any alleged fraud or concealment

4

occurred, and Plaintiffs did not exercise due diligence in discovering them. It says that even if the six-year fraud statute applied, the disclosures that occurred in 2003 serve as discovery of the alleged violation and preclude Plaintiffs' claims. Some of Defendant's arguments and basis for relief are duplicative of their earlier motion for summary judgment.

Plaintiffs argue that the six-year statute of limitations applies, and that their claims are timely because they only discovered Defendant's alleged wrongdoing in 2011. They say that Defendant concealed the Disputed Fees, they did not have actual knowledge of them until recently, and they did not lack due diligence in discovering Defendant's alleged concealment of its ERISA violations.

Based on the parties' arguments and vast exhibits in support, the Court believes that--viewed in the light most favorable to Plaintiffs--there continue to be numerous issues of fact precluding the applicability of the appropriate statute of limitations at this stage. Specifically, factual issues remain as to whether the elements of the six-year statute of limitations are satisfied, and the Court believes that these are still intertwined with issues of fact in Count I, because Plaintiffs allege that Defendant engaged in fraud or concealment to hide a breach of fiduciary duty.

Summarily, these include, but are not limited to:

- Whether Defendant engaged in a course of conduct to conceal evidence of their alleged ERISA violations;

- Whether and when Plaintiffs gained actual knowledge of the facts constituting Defendant's alleged ERISA violations;

- Whether the ASCs, annual renewals, or other reports issued by Defendant

constitute actual or constructive notice of the Disputed Fees and whether they were false or misleading;

- Whether Defendant knew that Plaintiffs and other customers were unaware of the Disputed Fees;

- Whether the Disputed Fees were accurately and effectively disclosed to Hi-Lex CFO Tony Schultz during a meeting with Defendant's representative Ron Crofoot in 1994;

- Whether there was an express disclosure of the Disputed Fees to Plaintiff's benefits consultant; and

- Whether Plaintiffs exercised diligence to uncover the alleged misconduct.

Plaintiffs have met their burden to present facts which show genuine issues for trial.

## V.  CONCLUSION

Defendant's motion is **DENIED**.

**IT IS ORDERED.**

                                   /s/ Victoria A. Roberts
                                   Victoria A. Roberts
                                   United States District Judge

Dated:  April 17, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 17, 2013.

S/Linda Vertriest
Deputy Clerk

---