UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

                Plaintiffs,                Case No: 11-12557
                                                  Hon. Victoria A Roberts

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

                Defendant.
_____/

## AMENDED ORDER APPOINTING SPECIAL MASTER

This case is one in a series involving Administrative Service Contracts between companies and Defendant. It concerns certain fees that Defendant allocated to itself as additional administrative compensation ("Disputed Fees"). In essence, Plaintiffs argue that they did not know about the Disputed Fees until recently and that Defendant employed different ways to hide them. Defendant says that it did not breach any duties in collecting the Disputed Fees because they were fully disclosed and Plaintiffs agreed to pay them.

The current dispute is whether the attorney-client or work-product privilege attaches to documents attached to purportedly privileged emails. Plaintiffs claim that Defendant improperly asserts privilege over these documents by merely attaching them to emails and that Defendant's privilege log is insufficient because it lacks critical information to establish and evaluate Defendant's privilege claim as to the attachments.

1

Third-party documents become privileged once they are attached to a privileged communication if they relate to the privileged communication. *See In re Search Warrant Executed at Law Offices of Stephen Garea*, No. 97-4112, 1999 U.S. App. LEXIS 3861 at \*4 (6th Cir. Mar. 5, 1999) (accepting "that although a newspaper article itself may not be a privileged document, when a client sends it to his attorney with a request for legal guidance concerning its contents, that act of communication confers privileged status upon the exchange").

Defendant's privilege log identifies approximately 9,000 alleged privileged documents, constituting around 81,000 pages. The parties agree to an *in camera* review of the documents. Due to the magnitude of this matter and the fact that trial is scheduled to begin on Tuesday, April 23, 2013, the Court finds it will be materially assisted by the appointment of a Special Master.

The Court appoints George J. Bedrosian to serve as a Special Master under Federal Rule of Civil Procedure 53 to resolve this discovery dispute. Mr. Bedrosian will conduct a review of a sampling of documents attached to privileged communications and decide if privilege applies. He will review the attached documents and their corresponding privileged communications as well. His review of the privileged communications is for context only and not to make a finding of privilege with respect to them.

> (1) The Court adopts in part the procedure in *Am. Nat. Bank & Trust Co. of Chicago v. Equitable Life Assur. Soc. of U.S.,* 406 F.3d 867 (7th Cir. 2005).
>
> (2) Plaintiffs and Defendant will each select 50 attachments designated as privileged. Mr. Bedrosian will review these 100 documents.

(3) Any of the 100 documents that Mr. Bedrosian finds is not privileged must be disclosed immediately.

(4) Any of the 100 documents that Mr. Bedrosian determines is privileged will not be disclosed.

(5) Mr. Bedrosian will randomly select and review at least another 200 of the attachments marked as privileged.

(6) The randomly selected documents that are not privileged must be disclosed.

(7) The randomly selected documents that are privileged will not be disclosed.

(8) Mr. Bedrosian's review of the randomly selected documents will be representative of the balance of the documents and will determine whether complete disclosure of the documents is warranted.

(9) If Mr. Bedrosian finds that 20% or more of these randomly selected attachments are **not** privileged:

    a.    The balance of documents marked as privileged attachments must be disclosed; **or**

    b.    Plaintiffs may select which of the balance of the documents marked as privileged attachments they wish to receive.

(10) If he does not make such finding, complete disclosure of the balance is not warranted.

(11) The disclosure required as a result of Mr. Bedrosian's findings in paragraph 9 will be because the Court has concluded that Defendant acted in bad faith. The validity of Defendant's privilege claims has been the subject of several orders. Plaintiffs argue that Defendant has not complied with prior orders, and has

continuously engaged in discovery violations by improperly asserting privilege and withholding documents. Waiver of the privilege is a sanction following a finding of bad faith. The Seventh Circuit says that a magistrate judge erred because the methodology he selected to review documents *in camera* was insufficient. That court also said that the magistrate judge's "fundamental error was estimating bad faith from good faith assertions of the privilege." *Am. Nat. Bank & Trust Co. of Chicago*, 406 F.3d at 879. Accordingly, this Court will not conclude that Defendant's mere assertion of privilege--perhaps negligently--is bad faith. However, if the Special Master finds that more than 20% of the randomly selected documents are not privileged, that finding--coupled with Defendant's prior noncompliance--will constitute bad faith.

(12) During his review, Mr. Bedrosian may communicate *ex parte* with the Court.

(13) Mr. Bedrosian's review is confidential, and the nature of his review and his findings may not be revealed to anyone other than the Court and the parties.

(14) Mr. Bedrosian's fees and expenses will be paid by the parties in equal shares at a rate of $300.00 per hour.

(15) Mr. Bedrosian's review will begin on Thursday, April 18, 2013, and continue until complete.

(16) Mr. Bedrosian will prepare and submit a report of his findings to the Court and the parties.

(17) The Court will enter an order adopting Mr. Bedrosian's findings.

(18) Defendant retains the right to immediately appeal any order for disclosure of documents and to seek a stay from the Sixth Circuit.

**IT IS ORDERED.**

                                                           s/Victoria A. Roberts
                                                           Victoria A. Roberts
                                                           United States District Judge

Dated: April 18, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 18, 2013.
>
> s/Linda Vertriest
> Deputy Clerk