UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

               Plaintiffs,                    Case Number: 11-12557

v.                                                  Hon. Victoria A Roberts

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

               Defendant.
_____/

**ORDER**

**I.    INTRODUCTION AND BACKGROUND**

This case is one in a series involving Administrative Service Contracts between companies and Defendant. It concerns certain fees that Defendant allocated to itself as additional administrative compensation ("Disputed Fees") for third-party claims administration services and network access for self-funded employee health benefit plans. In essence, Plaintiffs argue that they did not know about the Disputed Fees until recently and that Defendant employed different ways to hide them. Defendant says that it did not breach any duties in collecting the Disputed Fees because they were fully disclosed and Plaintiffs agreed to pay them.

In a September 7, 2012, order on summary judgment, the Court held that Defendant is a fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, that the Disputed Fees were paid from plan funds,

and that relief is available to Plaintiffs under ERISA. It granted summary judgment to Plaintiffs on Count II, ERISA prohibited transaction, finding that Defendant committed a *per se* breach of Section 1106(b)(1) when it allocated itself the Disputed Fees, and that such claim would proceed to trial on damages. The Court also held that Count 1, ERISA breach of fiduciary duty under Section 1104(a)(1), would proceed to trial because several issues of material fact remained regarding whether Defendant breached its fiduciary duty by lying to or misleading Plaintiffs about Disputed Fees. In that order and in an April 17, 2013, order denying Defendant's second motion for summary judgment, the Court found genuine issues of fact related to Defendant's statute of limitations defense, which it recognized affect the extent of Defendant's liability under Count II, and the extent of its liability, if any, under Count I. Trial will begin on April 23, 2013.

## II. MOTIONS IN LIMINE

There are several motions in limine before the Court. Based upon review of the parties' arguments and the applicable law, the Court:

(1) **DENIES** Defendant's Motion to Strike Plaintiff's Expert Witness Judee Burgoon, (Doc. 202). Ms. Burgoon is qualified and uses relevant and reliable testing and scientific principles to support her opinion that the language in the contractual documents in this case is deceptive. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court does not find that Ms. Burgoon is interpreting contract terms.

(2) **DENIES** Defendant's Motion In Limine to Strike Portions of Damages Expert Report and to Preclude Expert Testimony at Trial, (Doc. 203). Defendant's objections to Mr. Steinkamp's testimony bear upon its weight, not its

admissibility. Defendant may present evidence to rebut Mr. Steinkamp's opinions, and may argue that the Court should use the federal rate of interest in 28 U.S.C. § 1961 to calculate prejudgment interest.

(3) **DENIES** Defendant's Motion to Exclude Testimony from Jeff Liggett, Wally Martyniek, and David Young (Doc. 205). Plaintiffs' do not seek admission of this evidence under Federal Rule of Evidence 406. Rather, under Rule 404(b), evidence of other acts may be admissible to show a common scheme or plan of deception. Fed. R. Evid. 404(b); *Tschira v. Willingham*, 135 F.3d 1077, 1086-87 (1998). Under Rule 404(b) and *Tschira*, this evidence is admissible, and the disconnect between the recipients of the alleged misrepresentations and Plaintiffs is inconsequential. *See Tschira*, 135 F.3d at 1986 ("The practice of sending false bank statements to the other investors tends to establish the existence of a plan or scheme . . . ."). The Court finds that Rules 401 and 403 do not preclude this testimony.

(4) **DENIES** Plaintiffs' Motion to Bar Evidence of Knowledge that Defendant Seeks to Impute to Plaintiffs, (Doc. 207). Addressing paragraphs 7 and 8 of the Joint Final Pre-trial Order and the parties' arguments in this motion, the Court finds that agency law is applicable in the context of ERISA, and adopts the imputed knowledge doctrine and its exception. *See, e.g., Anderson v. Int'l Union, United Plant Guard Workers of Am.*, 150 F.3d 590, 593 (6th Cir. 1998) (applying principals of apparent authority in an ERISA case). "The rule imputing an agent's knowledge to the principal is designed to protect only those who exercise good faith, and is not intended to serve as a shield for unfair dealing by the third

person. 3 Am. Jur. 2d Agency § 284. The Court interprets this doctrine to require the party invoking it to have acted in good faith. Because the Court's finding that Defendant is liable under Count II does not necessarily establish Defendant's bad faith, *see Patelco Credit Union v. Sahni*, 262 F.3d 897, 911 (9th Cir. 2001), and because Defendant's bad faith has not been established for Count I, preclusion of the imputed knowledge doctrine is premature. Accordingly, Defendant is allowed to demonstrate a principal-agent relationship between Plaintiffs and other entities. Defendant has the burden to prove imputed knowledge and that it acted in good faith.

(5) **DENIES** Plaintiff's Motion to Strike Defendant's Expert Witness Donald Watza, (Doc 206), for the same reasons in paragraph 4. In addition, Mr. Watza is qualified and uses relevant and reliable testing and scientific principles to support his opinion. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

(6) **TAKES UNDER ADVISEMENT** Defendant's Motion to Strike Plaintiff's Expert Witness Laurence Gelman, (Doc. 201).

**IT IS ORDERED.**

                                                                       S/Victoria A. Roberts  
                                                                       Victoria A. Roberts  
                                                                       United States District Judge

Dated: April 19, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 19, 2013.

S/Linda Vertriest
Deputy Clerk