UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

     Plaintiffs,     Case No: 11-12557
                Hon. Victoria A Roberts
v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

     Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO AMEND JUDGMENT (DOC. 249)**

**I. INTRODUCTION AND BACKGROUND**

This case is one of several concerning Disputed Fees which Defendant allocated to itself as third-party administrator for employee health benefit plans.

After a bench trial on May 23, 2013, the Court entered Corrected Findings of Fact and Conclusions of Law and judgment in favor of Plaintiffs, finding Defendant liable for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*, and awarding Plaintiffs $5,111,431 in damages. This amount reflects the Disputed Fees which Defendant allocated to itself since it began collecting them in May 1, 1994, until the date of judgment. The Court ruled that Plaintiffs are also entitled to prejudgment interest, which must be calculated under 28 U.S.C. § 1961.

Before the Court is Plaintiffs' Motion to Amend Judgment to Include Amount of

1

Pre-Judgment Interest Award under Federal Rule of Civil Procedure 59(e). The motion is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiffs pre-judgment interest, but adopts a different method to calculate it under § 1961.

## II.  ANALYSIS

Although ERISA does not mandate the award of prejudgment interest to prevailing parties, the Court may award it at its discretion according to general equitable principles." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir.1998). Similarly, the determination of the pre-judgment interest rate for an ERISA benefits award lies within the Court's discretion. See *id.* at 619. The interest award should not be punitive or excessive; instead, the goal is to place Plaintiffs in the position they would have been but for Defendant's wrongdoing, and to compensate them for the lost interest value of money wrongfully withheld. *Id.* at 618.

The Sixth Circuit and other courts uphold awards of pre-judgment interest calculated under the federal post-judgment statute, 28 U.S.C. § 1961. *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000) (citing *Ford*, 154 F.3d at 619 and *Algie v. RCA Global Communications, Inc.*, 60 F.3d 956, 960 (2nd Cir.1995)). Section 1961 provides:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated . . . at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment . . . .
>
> (b) Interest shall be . . . compounded annually.

28 U.S.C. § 1961.

Plaintiffs ask the Court to calculate pre-judgment interest under § 1961 by: (1) using a blended interest rate which averages the 1-year United States Treasury Bill rate over the relevant 17-year period in which the Disputed Fees were collected; (2) applying the blended rate to the amount of Disputed Fees in each Administrative Service Contract ("ASC") year; and (3) compounding interest annually.

Defendant does not dispute that Plaintiffs calculated the 17-year blended rate correctly. In addition, Defendant concedes that a pre-judgment interest calculation under § 1961 is determined at the discretion of the Court, the use of the blended rate is common practice in ERISA cases, and authority supports compounding interest annually. But, Defendant says that the Court should make a determination which would reflect an award that is remedial and compensatory rather than punitive, according to principles guiding pre-judgment interest awards under ERISA.

Defendant objects to Plaintiffs' overall calculation method, saying it would overcompensate because:

> (A) Plaintiffs' use of Disputed Fee amounts for each ASC year rather than on a weekly basis reflects Plaintiffs' incorrect assumption that they did not have the benefit of funds not yet collected throughout the year, given that the Disputed Fees were transferred weekly; and
>
> (B) Plaintiffs' use of a 17-year blended rate allegedly is grossly inaccurate given the long period of time being averaged and the significant variations in the treasury rate for the specific weekly periods in which the Disputed Fees were transferred to Defendant.

Defendant also says that Plaintiffs' calculation is faulty because it does not use the

"stream of benefits model," in which pre-judgment interest is calculated for each period for which damages accrued, as opposed to a "simple interest method" in which pre-judgment interest is determined by applying the interest rate to the whole damages award. *See Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 585-86 (6th Cir. 2002). Although Plaintiffs did apply the 17-year blended rate on an ASC fiscal year basis and do not seek to use a simple interest method, Defendant says the interest rate should apply on a *weekly* basis because the Disputed Fees were transferred every week.

Defendant presents three alternative calculations:

(1) Individualized fiscal year blended rate applied on a weekly basis:

    (i) Averaging the actual weekly rates in each ASC year to come up with a blended rate for each ASC year;

    (ii) Dividing the amount of Disputed Fees in an ASC year to come up with the average amount of Disputed Fees transferred per week in that ASC year;

    (iii) Applying the blended rate from an ASC year to each weekly period in that ASC year; and

    (iv) Compounding interest annually.

(2) Individualized ASC year blended rate applied on an ASC year basis:

    (i) Averaging the actual weekly rates in each fiscal year to come up with a blended rate for each ASC year;

    (ii) Applying the blended rate from an ASC year to the amount of Disputed Fees in that ASC year; and

    (iv) Compounding interest annually.

(3) Actual weekly rate applied on a weekly basis:

(i) Identifying the actual rate for each week in the 17-year period;

(Ii) Dividing the amount of Disputed Fees in each ASC year to come up with the average amount of Disputed Fees transferred per week in that ASC year;

(iii) Applying the actual rate from a week to the amount of Disputed Fees transferred in that week; and

(iv) Compounding interest annually.

Based on the foregoing, the Court identifies two issues:

(A) Whether the interest rate should be calculated using the stream of benefits method, and whether the Court should apply the interest rate on either an ASC year or weekly basis; and

(B) Whether the applicable interest rate under § 1961 should be: (i) a single blended rate for the entire 17-year period; (ii) a blended rate for each ASC year based on the average of actual weekly treasury rates for that ASC year; or (iii) the actual interest rate for each week throughout the 17-year period.

**A. The Interest Rate Should Be Calculated Based On the Stream of Benefits Model and Applied on an ASC Year Basis**

Although Plaintiffs do not contest that Disputed Fees were taken on a weekly basis, they say their calculation--based on an annual rather than weekly basis--meets the stream of benefits model because the focus of this litigation and the evidence in it has been Disputed Fees in each ASC year. Plaintiffs concede that application of the interest rate on weekly periods--obtained from averaging the per-week amount in each

ASC year--would have "little practical effect" on their current calculation, but they say it would be speculative because there is no evidence in the record of the amount of Disputed Fees which Defendant took in any given week.

The Sixth Circuit prefers the use of the stream of benefits model over the simple interest model to calculate ERISA pre-judgment interest in order to preclude overcompensatory awards. *See Caffey*, 302 F.3d at 585-86 (affirming a calculation of interest due on each monthly payment of disability benefits beginning with the date that each payment was due; a simple interest model would overcompensate the plaintiff for the delayed payment by awarding her interest on individual benefits payments before they were due to her); *see also Rabuck v. Hartford Life & Acc. Ins. Co.*, 522 F. Supp. 2d 844 (W.D. Mich. 2007*); Crider v. Highmark Life Ins. Co.,* 458 F. Supp. 2d 487 (W.D. Mich. 2006); *Krupp v. Metro. Life Ins. Co.,* 174 F. Supp. 2d 545 (E.D. Mich. 2001).

Accordingly, the Court will not apply the simple interest model; it will use a calculation based on the stream of benefits model to adequately compensate Plaintiffs and preclude a punitive award. *See Caffey*, 302 F.3d at 585-86; *Ford*, 154 F.3d at 618.

Although Plaintiffs agreed to transfer funds to Defendant weekly under the ASC, (Joint Trial Exhibit 1 at 8-9), equitable principles guiding ERISA pre-judgment interest awards favor basing the Court's calculation on an ASC yearly basis.

First, the actual amount of Disputed Fees transferred per week is unknown and an average estimate would be speculative. Defendant argued in its Post-Trial Proposed Findings of Fact and Conclusions of Law that Plaintiffs wired to Defendant "at regular intervals" pre-determined amounts, which included Disputed Fees. (Doc. 242 at Page ID 15184). But, even assuming that all transfers were indeed made weekly, the actual

6

amounts of Disputed Fees within each transfer--and whether each transfer included Disputed Fees--was not established and remains unclear. A calculation based on uncertain amounts of Disputed Fees may lead to speculative values against the remedial, non-punitive purposes of ERISA pre-judgment interest awards.

In addition, this litigation has focused on the *actual* amount of Disputed Fees per ASC year. The parties stipulated in the Joint Final Pre-Trial Order to the amount of Disputed Fees in each ASC year from 2002 to 2011. (Doc. 240 at Page ID 15097). And, the Court accepted the damages report of Plaintiffs' expert based on Disputed Fees per ASC year. (Doc. 246 at ¶ 261).

For these reasons, the period for a pre-judgment interest calculation based on the stream of benefits model should be an ASC year; this would prevent a calculation which relies on speculative, unforeseen estimates of Disputed Fees, and would preclude an overcompensatory award under the simple interest model.

### B. The Court Will Use a Blended Rate for Each ASC Year Based on the Average of Actual Weekly Treasury Rates for that ASC Year

"[I]n situations involving complicated calculations of a stream of payments occurring over a long period of time where the interest rates are not static, an average or blended rate may be used in calculating the accrued pre-judgment interest [under § 1961]." *Brooking v. Hartford Life & Acc. Ins. Co.*, No. 04-95-KSF, 2007 WL 781333, at *4 (E.D. Ky. Mar. 12, 2007) (citing *Ford*, 154 F.3d at 619); *see also Caffey*, 302 F.3d at 585-86; *Shreve v. Aetna Life Ins. Co.*, No. 05-72444, 2007 WL 201053, at *8 (E.D. Mich. Jan. 24, 2007)*; Smith v. Bayer Corp. Long Term Disability Plan*, No. 3:04-CV-128, 2006 WL 3053472, at *3 (E.D. Tenn. Oct. 26, 2006).

Defendant concedes that courts typically use a blended rate rather than actual rates, but says the Court should incorporate an approach to further a remedial pre-judgment interest award because using a single blended rate for the entire 17-year period results in a grossly-inflated measure of Plaintiffs' lost time and value of their money.

The Court declines to apply the actual weekly rates, consistent with other courts in this Circuit favoring the use of blended rates under § 1961, and because ASC years are the relevant periods for a calculation based on the stream of benefits model in this case, as stated above.

The Court will apply a blended interest rate. At issue is whether the use of a blended rate for the entire 17-year period may lead to a grossly-inflated and inequitable pre-judgment interest award.

Plaintiffs do not direct the Court to authority which compels it to use a single blended rate for the entire 17 years. Their sole argument in favor of a single 17-year blended rate is that it has precedential support in *Caffey*, *Ford*, and most district court decisions in the Sixth Circuit. However, the cases upon which Plaintiffs rely deal with denials of disability payments over periods much shorter than in this case, most of them approximately three years. The Court does not find them helpful, and declines to use a single 17-year blended interest rate. *See, e.g., Caffey*, 302 F.3d 576 (single blended rate for a period between 1990-1999); *O'Callaghan v. SPX Corp.*, No. 09-10196, 2010 WL 259052 (E.D. Mich. Jan. 20, 2010) (single blended rate for a period between 2007-2010); *Shreve v. Aetna Life Ins. Co.*, No. 05-72444, 2007 WL 201053 (E.D. Mich. Jan. 24, 2007) (single blended rate for a period between 2004-2007); *Nat'l Bank & Trust Co.*

*v. Webb*, No. 1:04CV789, 2006 WL 1966591 (S.D. Ohio July 11, 2006) (single blended rate for a period between 2003-2006). Considering the particular long period of damages and the wide variations in the 1-year Treasury Bill rate over 17 years, the use of a single 17-year blended interest rate may lead to a grossly-inaccurate and, thus, inequitable pre-judgment interest award.

The Court exercises its discretion to promote a remedial award which would not be punitive, *see Ford*, 154 F.3d at 616-19, and finds that a blended rate for each ASC year based on the average of actual weekly treasury rates for that ASC year would be a better approximation to the interest rate existing at the times Plaintiffs paid Disputed Fees to Defendant. *See, e.g., Perrin v. Hartford Life Ins. Co.*, No. 06-182-JBC, 2008 WL 2705451 (E.D. Ky. July 7, 2008) (applying yearly blended rates in a three-year damages period); *Brooking v. Hartford Life & Acc. Ins. Co.*, No. 04-95-KSF, 2007 WL 781333, at *4 (E.D. Ky. Mar. 12, 2007) (same). The use of blended rates per ASC year would allow for appropriate compensation to Plaintiffs for the lost interest value of money wrongfully withheld, and put them in the position they would have been in but for Defendant's wrongdoing. This approach will prevent a punitive award.

### III.   CONCLUSION

Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiffs pre-judgment interest, but adopts a different method to calculate it under § 1961:

(1) Using a blended rate for each ASC year based on the average of actual weekly treasury rates for that ASC year;

(2) Applying the ASC year blended rates to the corresponding ASC year based on a stream of benefits model, for a period between May 1, 1994, to May 23, 2013; and

(3) compounding interest annually.

To assist the Court in framing an appropriate amended judgment, the parties are directed to file a stipulated amount based on the Court's method by **July 30, 2013**, or notify the Court if they are unable to do so. The Court will then do the calculation and amenvbd the judgment accordingly.

    **IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 17, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 17, 2013.

S/Linda Vertriest
Deputy Clerk

---