UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS, INC. et al.,

               Plaintiffs,                            Case No: 11-12557
                                                    Hon. Victoria A. Roberts

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

               Defendant.
_____/

**ORDER DENYING DEFENDANT'S AMENDED MOTION TO STAY
EXECUTION PENDING ITS PETITION FOR WRIT OF CERTIORARI (DOC. # 288)**

**I.**     **INTRODUCTION**

       Before the Court is defendant Blue Cross and Blue Shield of Michigan's (Blue

Cross) Amended Motion to Stay Execution Pending Its Petition for Writ of Certiorari.

(Doc. # 288). This matter is fully briefed; oral argument is waived under L.R. 7.1(f)(2).

       Blue Cross asks the Court to stay execution of the judgment pending decision on

its petition for writ of certiorari; it says a stay is appropriate under Fed. R. Civ. P. 62(d)

because it obtained a bond representing 125% of the base amount of the judgment.

       Plaintiffs say the motion must be denied because Rule 62(d) is the wrong rule of

law; they say a request to stay execution pending a petition for writ of certiorari is

governed by 28 U.S.C. § 2101(f). Plaintiffs say that under § 2101(f), only the United

States Court of Appeals for the Sixth Circuit or the United States Supreme Court may

stay execution pending Blue Cross' certiorari petition. In addition, Plaintiffs say the

1

circumstances do not merit a stay under § 2101(f)'s three-part inquiry.

Blue Cross' motion to stay execution is **DENIED**; the temporary stay entered by the Court on July 9, 2014 (*see* Doc. 301) is **LIFTED**.

## II.   BACKGROUND

Plaintiffs brought this suit in 2011 alleging that Blue Cross breached its fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA) by inflating hospital claims with hidden surcharges in order to retain additional administrative compensation.  A bench trial was held in April and May 2013.  On May 23, 2013, the Court entered Corrected Findings of Fact and Conclusions of Law, finding that Blue Cross violated ERISA's general fiduciary obligations under 29 U.S.C. § 1104(a).  (*See* Doc. # 246).  On July 29, 2013, the Court entered an Amended Judgment awarding Plaintiffs $5,111,431 in damages plus $914,241 in pre-judgment interest and costs; the Court also awarded Plaintiffs post-judgment interest and costs and attorney fees.  (*See* Doc. # 278).

The parties cross-appealed to the United States Court of Appeals for the Sixth Circuit.  Blue Cross obtained a bond in the amount of $6,389,288.75 – 125% of the base amount of the judgment – in June 2013, and enforcement of the judgment was stayed pending appeal.

On May 14, 2014, the Sixth Circuit entered a judgment affirming this Court in all respects.  The stay was lifted on June 3, 2014.  On June 6, 2014, the Sixth Circuit issued its mandate in this case.

On June 10, 2014, Plaintiffs filed a request for writ of garnishment with the Clerk of Court; the writ lists Comerica Bank – one of Blue Cross' banks – as garnishee and

2

seeks payment of $6,048,642.20 (representing the $6,025,672.00 judgment plus $16,708.48 in post-judgment costs and $6,261.72 in post-judgment interest). The Clerk of Court issued the writ of garnishment.

On June 11, 2014, Blue Cross filed its Amended Motion to Stay Execution Pending Its Petition for Writ of Certiorari. On July 9, 2014, the Court entered an order temporarily staying execution of the judgment and staying enforcement of the writ of garnishment until Blue Cross' motion to stay is decided; the Court also ordered the parties to each file a supplemental brief. This matter is fully briefed.

## III.   ANALYSIS

Blue Cross says the Court should stay enforcement of the judgment pending its petition for writ of certiorari under Fed. R. Civ. P. 62(d), because it obtained a bond to secure the judgment. In pertinent part, Rule 62 provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond....The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). Blue Cross says its certiorari petition constitutes an "appeal," such that the Court should enter a stay based on the bond it obtained. *See Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 350 (E.D. Mich. 1998) (holding that upon approval of a bond, an appellant is entitled to a stay pending appeal "as a matter of right." (citation omitted)). However, the "right" discussed in *Hamlin* only applies to appeals to circuit courts from district court judgments. *Id.* at 351 ("Rule 62 establishes the general rule that losing parties *in the district court* can obtain a stay pending appeal only by giving a supersedeas bond." (quoting *Enserch Corp. v. Shand Morahan and*

3

*Co.*, 918 F.2d 462 (5th Cir. 1990)(emphasis added)).

Plaintiffs say Blue Cross filed this motion in the wrong court and that it relies on the wrong rule of law. They argue that 28 U.S.C. § 2101(f) – not Rule 62(d) – governs a request to stay execution pending a petition for writ of certiorari; and, they say that under § 2101(f), only the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court may stay execution pending Blue Cross' certiorari petition. In pertinent part, § 2101(f) states:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court....

28 U.S.C. § 2101(f). Alternatively, Plaintiffs say that even if the Court has jurisdiction to stay execution of the judgment, the motion should be denied because Blue Cross fails to make the required showing that a stay is proper under § 2101(f)'s three-part analysis.

In its reply brief and supplemental brief, Blue Cross says the Court has the inherent authority to preserve the status quo, such that it can stay execution of the judgment pending the certiorari proceedings. It also says that because the Sixth Circuit's mandate says nothing regarding timing of execution of the judgment, the Court can stay execution without deviating from the mandate. Alternatively, Blue Cross says the circumstances warrant a stay even if § 2101(f) governs, because a "circuit split ... makes it likely the Supreme Court will grant [its] petition for writ of certiorari and presents the fair prospect of reversal."

In their supplemental brief, Plaintiffs maintain their position that § 2101(f) governs

a motion to stay pending a certiorari petition and that the Court cannot enter such a

stay.  They say no binding authority supports Blue Cross' contention that the Court has

jurisdiction under Rule 62(d) to stay execution of the Sixth Circuit's judgment pending

the certiorari petition.  Plaintiffs individually address each case Blue Cross cites to show

that none involved a district court staying execution of a money judgment from the Court

of Appeals pending resolution of a petition for writ of certiorari; they say the cases Blue

Cross cites are distinguishable because each either: (1) involves an appeal to a circuit

court from a district court judgment; (2) predates the enactment of 28 U.S.C. § 2101(f);

and/or (3) involves circumstances where the circuit court remanded the case to the

district court for further proceedings (e.g., trial) and the district court entertained a

motion to stay those proceedings.  Plaintiffs are correct.  A request to stay execution of

a money judgment from the Court of Appeals is governed by § 2101(f), not Rule 62(d).

Several cases support Plaintiffs' position that § 2101(f) governs a motion to stay

pending a petition for writ of certiorari and that district courts do not have jurisdiction to

grant such a stay.  *See*, *e.g.*, *Ventas, Inc. v. HCP, Inc.*, No. 07-cv-238-H, 2011 WL

3678819 (W.D. Ky., Aug. 22, 2011).

The *Ventas* court provides a thorough and well-reasoned analysis of this issue,

which the Court adopts:

> Although the Sixth Circuit has not specifically addressed the issue of a
> district court's power to stay the execution of an appellate court judgment,
> the federal courts seem to have reached a consensus. **The federal
> courts have consistently relied upon § 2101(f) for the rule that district
> courts lack jurisdiction to stay the execution of an appellate court
> judgment.** *See William A. Graham Co. v. Haughey,* No. 05–612, 2011
> U.S. Dist. LEXIS 70129, *6–7, 2011 WL 2582100 (E.D. Pa. June 30,
> 2011); *United States v. Lentz,* 352 F.Supp.2d 718, 725–26 (E.D. Va.
> 2005); *Brinkman v. Dep't of Corr. of the State of Kan.,* 857 F.Supp. 775,

5

776 (D. Kan. 1994); *Gander v. FMC Corp.,* 733 F.Supp. 1346, 1347 (E.D. Mo. 1990); *Mister v. Ill. Cent. Gulf R .R.,* 680 F.Supp. 297. 298–99 (S.D. Ill. 1988); *Studiengesellschaft Kohle, mbH v. Novamont Corp.,* 578 F.Supp. 78, 79–80 (S.D.N.Y. 1983); *See also In re Stumes,* 681 F.2d 524, 525 (8th Cir. 1982). "**The power of a district court to grant a stay of judgment pending appeal [under Federal Rule of Civil Procedure 62(d)] terminates when the Court of Appeals issues its mandate,**" and any stay issued by a district court during the pendency of an appeal expires. *Gander v. FMC Corp.,* 733 F.Supp. at 1347.[FN1]

> FN1. *See also Haughey,* 2011 U.S. Dist. LEXIS 70129, at *6, 2011 WL 2582100 ("It is one thing for a district court to grant a stay of its own judgment under Rule 62(d) pending the resolution of an appeal to the Court of Appeals ... It is quite another thing for this court to grant a motion to stay [an appellate court judgment pending review of a petition for certiorari to the Supreme Court]. The district court judgment has been superseded by the judgment of the Court of Appeals, even though the latter affirms the district court judgment in all respects."); *Brinkman,* 857 F.Supp. at 776 (holding that the issuance of the appellate court mandate dissolved the existing district court stay, even though the appellate court judgment affirmed the district court on all issues).

The unassailable logic of these cases seems to dictate the initial answers to the questions presented. The Agreed Order [staying execution of the judgment] expired with the issuance of the Sixth Circuit's mandate. **This Court is without jurisdiction to stay execution of the Sixth Circuit's judgment—only the Sixth Circuit and the Supreme Court can do so.** HCP could have sought either a stay of execution of the Sixth Circuit judgment under 28 U.S.C. § 2101(f), or a stay of the Sixth Circuit's mandate under Fed. R. App. P. 41(d). It chose not to do so. Rather than rush to execute on its judgment, Ventas has shown restraint by requesting advice of this Court.

*Ventas*, 2011 WL 3678819, at *2 (emphasis added). This rationale is persuasive.

Similar to *Ventas* and the cases cited therein, the Court finds that: (1) 28 U.S.C.

§ 2101(f) governs Blue Cross' motion to stay execution pending its petition for writ of

certiorari; and (2) it does not have jurisdiction to stay execution of the Sixth Circuit's

judgment pending Blue Cross' certiorari petition. *See id.*; *see also Kentucky*

*Commercial Mobile Radio Serv. Emergency Telecomm. Bd. v. Tracfone Wireless, Inc.*, 953 F. Supp. 2d 780 (W.D. Ky. 2013) (holding that district courts lack jurisdiction to stay execution of an appellate court judgment).

## IV.     CONCLUSION

Blue Cross' Amended Motion to Stay Execution Pending Its Petition for Writ of Certiorari (Doc. # 288) is **DENIED**; the temporary stay entered by the Court on July 9, 2014 (*see* Doc. 301) is **LIFTED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 12, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 12, 2014.

S/Carol A. Pinegar
Deputy Clerk